Jonathan Stoler (JS-7494)
Eric Raphan (ER-8339)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

**RICHARD ALDERMAN, FRANCISCO
AZOFEIFA, ROBERT BRINKMANN,
GUSTAVO BRIONES, MARIO BRITO, SAU
LAM CHAN, JOHN CIMABRANO,
ANASTASIOS CONSTANTINOPOULOS,
CARMEN DE BARTOLO, CLAUDIO DIAS,
LUIS HERNAN DIAZ, LEONARDO
ENAMORADO, HARRIS EROTOKRITOU,
FRANCISCO FAJARDO, MANUEL FLORES,
ROMEO FLORES, EBERHARD
GENZEMANN, CLEBER RAUL GUAMAN,
JOSE GUTIERREZ, ANTONIO LACERRA,
LEON LAHUEC, MICHAEL LEVINE,
MICHAEL MAKROGIANNIS, GUILLERMO
MUNOZ, GANDOLFO NAPOLI, JORGE
NUNEZ, THOMAS RAKOSI, MIGUEL
RODRIGUEZ, SWAPAN ROZARIO, JOSE
PENA, PAUL SCHIEVE, MICHAEL SLATER,
JORGE WASHINGTON VELEZ, JOHN WARD
and MARIO ZAMORA, on behalf of themselves
and others similarly situated,**

Index No. 09-cv-2418 (TPG)

**Plaintiffs,**

ANSWER

v.

**21 CLUB INC. and ORIENT-EXPRESS
HOTELS, INC. d/b/a 21 CLUB,**

**Defendants.**

------------------------------------------------------------------ x

Defendant Orient-Express Hotels, Inc. ("OEH") and Defendant '21' Club Inc. d/b/a '21' Club ("'21' Club")[1] (collectively, "Defendants"), by and through their undersigned attorneys, Sheppard, Mullin, Richter & Hampton, LLP, hereby answer the Second Amended Complaint, dated October 14, 2009 ("Second Amended Complaint"), filed by Plaintiffs Richard Alderman, Francisco Azofeifa, Robert Brinkmann, Gustavo Briones, Mario Brito, Sau Lam Chan, John Cimabrano, Anastasios Constantinopoulos, Carmen De Bartolo, Claudio Dias, Luis Hernan Diaz, Leonardo Enamorado, Harris Erotokritou, Francisco Fajardo, Manuel Flores, Romeo Flores, Eberhard Genzemann, Cleber Raul Guaman, Jose Gutierrez, Antonio Lacerra, Leon Lahuec, Michael Levine, Michael Makrogiannis, Guillermo Muñoz, Gandolfo Napoli, Jorge Nuñez, Thomas Rakosi, Miguel Rodriguez, Swapan Rozario, Jose Peña, Paul Schieve, Michael Slater, Jorge Washington Velez, John Ward and Mario Zamora (collectively, "Named Plaintiffs"), herein as follows:

1.      Defendants aver that Named Plaintiffs purport to bring this action on behalf of themselves and all others who are purportedly similarly situated.

## JURISDICTION AND VENUE

2.      Defendants aver that the allegations set forth in paragraph 2 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 2 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation.

3.      Defendants aver that the allegations set forth in paragraph 3 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding

---

[1]      Orient Express Hotels is incorrectly denominated in the caption as "Orient-Express Hotels, Inc. d/b/a 21 Club" and '21' Club. Inc. d/b/a '21' Club is incorrectly denominated in the caption as "21 Club Inc."

the foregoing, to the extent that paragraph 3 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation, except admit that Defendants conduct business within the geographic territory covered by this Court.

## THE PARTIES

4.      Defendants deny each and every allegation set forth in paragraph 4 of the Second Amended Complaint, and aver that Named Plaintiffs purport to refer to Defendants Orient-Express Hotels, Inc. and '21' Club Inc. d/b/a '21' Club collectively in the Second Amended Complaint as "Defendants."

5.      Defendants deny each and every allegation set forth in paragraph 5 of the Second Amended Complaint, except admit that Defendant '21' Club operates the '21' Club in New York City.

6.      Defendants deny each and every allegation set forth in paragraph 6 of the Second Amended Complaint.

7.      Defendants deny each and every allegation set forth in paragraph 7 of the Second Amended Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8.      Defendants deny each and every allegation set forth in paragraph 8 of the Second Amended Complaint, and aver that Named Plaintiffs purport to bring the First Claim for Relief as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("§ 16(b)"), on behalf of all non exempt persons employed by Defendants at private banquets as a barback, bartender, captain, waiter, busser and/or sommelier on or after the date that is three years before the filing of the Second Amended Complaint and that Named Plaintiffs purport to refer to such individuals throughout the Second Amended Complaint as "FLSA Collective Plaintiffs."

9.      Defendants deny each and every allegation set forth in paragraph 9 of the Second Amended Complaint.

10.     Defendants aver that the allegations set forth in paragraph 10 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 10 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants maintain all appropriate records in accordance with applicable laws.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11.     Defendants deny each and every allegation set forth in paragraph 11 of the Second Amended Complaint, and aver that Named Plaintiffs purport to bring the Second Claim for Relief pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all non exempt persons employed by Defendants at private banquets as a barback, bartender, captain, waiter, busser and/or sommelier on or after the date that is six years before the filing of the Second Amended Complaint and that Named Plaintiffs purport to define such period as the "Class Period."

12.     Defendants aver that the allegations set forth in paragraph 12 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 12 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Defendants maintain all appropriate records in accordance with applicable laws and aver that Named Plaintiffs purport to define the group of individuals set forth in paragraph 11 of the Second Amended Complaint as the "Class."

13.     Defendants aver that the allegations set forth in paragraph 13 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding

the foregoing, to the extent that paragraph 13 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation.

14.     Defendants aver that the allegations set forth in paragraph 14 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 14 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation.

15.     Defendants aver that the allegations set forth in paragraph 15 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 15 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Second Amended Complaint regarding the experience and competency of Named Plaintiffs' attorneys.

16.     Defendants aver that the allegations set forth in paragraph 16 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 16 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation.

17.     Defendants aver that the allegations set forth in paragraph 17 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 17 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Second Amended Complaint regarding the employment practices of "other employers

throughout the state" and the state of mind of the current and former employees of such employers.

18.     Defendants aver that the allegations set forth in paragraph 18 of the Second Amended Complaint, inclusive of subparts, state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 18 of the Second Amended Complaint, inclusive of subparts, contains factual allegations, Defendants deny each and every allegation.

## FACTS

19.     Defendants deny each and every allegation set forth in paragraph 19 of the Second Amended Complaint.

20.     Defendants deny each and every allegation set forth in paragraph 20 of the Second Amended Complaint.

21.     Defendants deny each and every allegation set forth in paragraph 21 of the Second Amended Complaint, and aver that Defendant '21' Club includes a service charge amounting to 21.75% of the negotiated fee for banquet events on the invoices for such events.

22.     Defendants deny each and every allegation set forth in paragraph 22 of the Second Amended Complaint, and aver that Defendant '21' Club properly distributes all monies owed to service staff in accordance with its contractual and legal obligations.

23.     Defendants deny each and every allegation set forth in paragraph 23 of the Second Amended Complaint.

24.     Defendants aver that the allegations set forth in paragraph 24 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 24 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation.

25.     Defendants aver that the allegations set forth in paragraph 25 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 25 of the Second Amended Complaint contains factual allegations, Defendants deny each and every allegation.

26.     Defendants deny each and every allegation set forth in paragraph 26 of the Second Amended Complaint.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

27.     Defendants incorporate the responses made to paragraphs 1 through 26 of the Second Amended Complaint as if fully set forth herein.

28.     Defendants deny each and every allegation set forth in paragraph 28 of the Second Amended Complaint.

29.     Defendants deny each and every allegation set forth in paragraph 29 of the Second Amended Complaint.

30.     Defendants deny each and every allegation set forth in paragraph 30 of the Second Amended Complaint.

31.     Defendants deny each and every allegation set forth in paragraph 31 of the Second Amended Complaint, and aver that Named Plaintiffs purport to seek damages on behalf of themselves and the "FLSA Collective Plaintiffs," as defined by the Named Plaintiffs in paragraph 8 of the Second Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Illegal Pay Deductions and Deductions from Gratuities,
### N.Y. Lab. L. § 196-d
### Brought by Plaintiffs on Behalf of
### Themselves and the Class)

32.    Defendants incorporate the responses made to paragraphs 1 through 31 of the Second Amended Complaint as if fully set forth herein.

33.    Defendants deny each and every allegation set forth in paragraph 33 of the Second Amended Complaint, except admit that Defendants include a service charge amounting to 21.75% of the negotiated fee for banquet events on the invoices for such events.

34.    Defendants deny each and every allegation set forth in paragraph 34 of the Second Amended Complaint.

35.    Defendants deny each and every allegation set forth in paragraph 35 of the Second Amended Complaint, and aver that Named Plaintiffs purport to seek damages on behalf of themselves and the "Class," as defined by the Named Plaintiffs in paragraphs 11 and 12 of the Second Amended Complaint.

36.    Defendants deny each and every allegation set forth in paragraph 36 of the Second Amended Complaint, and aver that Named Plaintiffs purportedly do not seek liquidated damages for this claim.

## PRAYER FOR RELIEF

37.    Defendants deny each and every allegation set forth in the "WHEREFORE" clause of the Second Amended Complaint, inclusive of subparts, and deny that Named Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

38.     The Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

39.     The claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

40.     The claims are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

41.     The claims are barred, in whole or in part, by the equitable doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

42.     The claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

43.     The claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

44.     The claims are barred, in whole or in part, by reason of accord and satisfaction.

## EIGHT AFFIRMATIVE DEFENSE

45.     The claims are barred, in whole or in part, because at no time did Defendants act in a willful, wanton, reckless and/or malicious manner.

## NINTH AFFIRMATIVE DEFENSE

46.     The claims are barred, in whole or in part, because Defendant Orient-Express Hotels, Inc. was and is not an "employer."

## TENTH AFFIRMATIVE DEFENSE

47.     The claims are barred, in whole or in part, because Named Plaintiffs and others who are purportedly similarly situated have failed to mitigate any alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

48.     The claims are barred, in whole or in part, because Named Plaintiffs have failed to comply with all procedural requirements for maintaining this action.

## TWELFTH AFFIRMATIVE DEFENSE

49.     The claims are barred, in whole or in part, because the Defendants' alleged acts or omissions, if any, were in good faith and with the reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

50.     The claims are barred, in whole or in part, because Named Plaintiffs and others who are purportedly similarly situated are exempt from coverage under the Fair Labor Standards Act and are therefore not entitled to overtime compensation.

## FOURTEENTH AFFIRMATIVE DEFENSE

51.     The claims are barred, in whole or in part, by the equitable doctrine of avoidable consequences.

## FIFTEENTH AFFIRMATIVE DEFENSE

52.     Named Plaintiffs have failed to state facts sufficient to constitute claims for punitive damages and/or statutory penalties because the Defendants acted, at all times, in good faith and had reasonable grounds for believing their conduct complied with applicable laws and regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

53.     Named Plaintiffs' purported § 16(b) collective action and their purported Rule 23 class action are procedurally irreconcilable and inherently incompatible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

54.     Some or all of the claims alleged in the Second Amended Complaint are not proper for treatment as a collective or class action because, among other reasons:  (a) Named Plaintiffs are not similarly situated to the individuals they purport to represent; (b) Named Plaintiffs lack standing to assert the legal rights or interests of others; (c) Named Plaintiffs are inadequate representatives of the purported class (the existence of which is expressly denied); (d) Named Plaintiffs cannot establish the commonality of their claims; (e) Named Plaintiffs cannot establish the typicality of their claims; and (f) the individualized nature of Named Plaintiffs' claims make class treatment inappropriate.

## EIGHTEENTH AFFIRMATIVE DEFENSE

55.     The Defendants presently have insufficient knowledge or information to form a belief as to whether they may have additional, yet unasserted, affirmative defenses.  The Defendants therefore expressly reserve the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

**WHEREFORE**, the Defendants seek judgment against Named Plaintiffs:

(a)     Denying Named Plaintiffs' request to proceed as a collective or class action;

(b)     Denying all relief sought by Named Plaintiffs and dismissing the Second Amended Complaint in its entirety, with prejudice;

(b)     Awarding the Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(d)     Granting the Defendants such other and further relief as this Court deems just and

proper.

Dated: New York, New York            Respectfully submitted,
       September 3, 2010

                                     **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP


                                     By:  _____/s/ Jonathan Stoler_____
                                              Jonathan Stoler (JS-7494)
                                              Eric Raphan (ER-8339)

                                          30 Rockefeller Plaza, 24th Floor
                                          New York, New York 10112
                                          Telephone:  (212) 653-8700
                                          Facsimile:   (212) 653-8701
                                          jstoler@sheppardmullin.com
                                          eraphan@sheppardmullin.com

                                          *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Maranda W. Rosenthal, hereby certify that on September 3, 2010, I caused a true and

correct copy of the foregoing Answer to be electronically filed utilizing the Court's CM/ECF

system, which will automatically send notice of such filing to the following attorneys of record:

D. Maimon Kirschenbaum, Esq.
Charles E. Joseph, Esq.
JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
757 Third Avenue, 25th Floor
New York, New York 10017
*Attorneys for Plaintiffs*

Dated: New York, New York                     ___/s/ Maranda W. Rosenthal_____
      September 3, 2010                     Maranda W. Rosenthal