UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

INDEX NO. 09-CV-2418

RICHARD ALDERMAN, FRANCISCO
AZOFEIFA, ROBERT BRINKMANN, GUSTAVO
BRIONES, MARIO BRITO, SAU LAM CHAN,
JOHN CIMABRANO, ANASTASIOS
CONSTANTINOPOULOS, CARMEN DE
BARTOLO, CLAUDIO DIAS, LUIS HERNAN
DIAZ, LEONARDO ENAMORADO, HARRIS
EROTOKRITOU, FRANCISCO FAJARDO,
MANUEL FLORES, ROMEO FLORES,
EBERHARD GENZEMANN, CLEBER RAUL
GUAMAN, JOSE GUTIERREZ, ANTONIO
LACERRA, LEON LAHUEC, MICHAEL
LEVINE, MICHAEL MAKROGIANNIS,
GUILLERMO MUNOZ, GANDOLFO NAPOLI,
JORGE NUNEZ, THOMAS RAKOSI, MIGUEL
RODRIGUEZ, SWAPAN ROZARIO, JOSE
PENA, PAUL SCHIEVE, MICHAEL SLATER,
JORGE WASHINGTON VELEZ, JOHN WARD,
and MARIO ZAMORA, on behalf of themselves
and other similarly situated,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/12

          Plaintiffs,

          v.

21 CLUB INC. and ORIENT-EXPRESS
HOTELS, INC. d/b/a 21 CLUB,
          Defendants.

------------------------------------------------------x

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION OF
SETTLEMENT CLASS

      The Settlement Agreement dated September 22, 2011 ("Settlement Agreement) between the Plaintiffs and Defendants provides for the Settlement of this lawsuit on behalf of the Class Members, subject to the approval by this Court of its terms and to the entry of this Final Judgment. Pursuant to an Order dated September 27, 2011 ("Preliminary Approval Order"), the

1

Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Defendants deny any wrongdoing, fault, violation of law, or liability for damages of any sort. Defendants have stipulated to the certification of this class for settlement purposes only.

In accordance with the Preliminary Approval Order, Notices were sent by first class mail to the Class members and an affirmation of mailing of the Notices has been filed with the Court, demonstrating compliance with this Court's order regarding Notice.

A Fairness Hearing was held before this Court on January 26, 2012 to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable, and adequate, and whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court.

**NOW THEREFORE GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court finds that the class proposed only for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(b)(3), and hereby certifies a settlement class in the Litigation defined as:

   All individuals employed at the 21 Club at private banquets as a barback, bartender, captain, waiter, busser, and/or sommelier at any time from March 17, 2003 until September 21, 2011 (the "Covered Period") except that any individual who timely submitted a valid request for exclusion shall not be included in the Class.

3. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate

and in the best interest of the Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

4. This Court approves Class Counsel's application for an award of $666,666.66. in attorneys' fees and $ 5,318.14 in costs.

5. This Court awards the Claims Administrator its reasonable fees, subject to Class Counsel's review of the Claims Administrator's invoices, in administering this settlement, to be paid out from the settlement fund.

6. The entire Litigation is dismissed with prejudice, and without costs to any party. All Qualified Class Members are barred and permanently enjoined from participating in any other collective or class action lawsuit against the Releasees, or any of them, concerning the Claims settled in this Action.

7. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the settlement agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

8. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order Approving Class Action Settlement and Dismissal with Prejudice be, and hereby is, entered as a final order.

Dated: Jan. 26, 2012
New York, New York

_____
HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE

3